■ NATIONAL BANK OF NORTH AMERICA, Respondent, v MICHAEL KORY, Appellant, et al., Defendants.—This appeal from an order of the Supreme Court, New York County, entered October 7, 1977, granting summary

judgment to the plaintiff, National Bank of North America, is deemed an appeal from the judgment of the Supreme Court, New York County, entered October 13, 1977, in favor of National Bank of North America. Judgment, Supreme Court, New York County, entered October 13, 1977, granting summary judgment in favor of the plaintiff, unanimously affirmed, without costs and without disbursements. The omission of the appellant to appeal from the judgment entered subsequent to the order granting summary judgment presents a procedural problem that was analyzed in *Chase Manhattan Bank v Roberts & Roberts, Inc.,* 63 AD2d 566). As there pointed out, the customary rule has been that an appeal taken from an order which is followed by an entry of final judgment in the same action must fall and review may only be had upon appeal from the final judgment. (See *Jema Props. v McLeod,* 51 AD2d 702.) Where, however, the final judgment ministerially implements an order granting summary judgment, we have concluded that in the interest of judicial economy the appeal from the order should be deemed an appeal from the subsequent judgment in which the order was subsumed (cf. CPLR 5520, subd [c]) and that the appeal should be considered on the merits. Turning to the substantive issue, the appellant signed a written guarantee guaranteeing the payment by one Gruder of obligations owing by Gruder to the plaintiff "whether then existing or thereafter incurred." Some years later, Gruder borrowed an additional sum of $24,760, on which he defaulted. Plaintiff commenced an action against Gruder, one Bernard Wincig, another guarantor, and the appellant. This action was settled against Gruder and Wincig, and a release given that did not expressly reserve rights against the appellant. The action was continued against the appellant with regard to the outstanding balance of the loan, interest and attorneys' fees. Relying on subdivision 1 of section 15-105 of the General Obligations Law, appellant contends that the failure to reserve rights against him in the release requires a complete discharge of his obligation. As against that, the plaintiff bank pointed out that the appellant in the guarantee agreement explicitly authorized it, *inter alia,* to release the primary debtor and other guarantors. The question presented is a close one. By its terms, subdivision 1 of section 15-105 of the General Obligations Law appears to support the appellant's position. However, we have come to the view that the section is not applicable to bar action against a remaining guarantor where the guarantor has consented in the guarantee agreement to the release of the debtor and other guarantors. (See 57 NY Jur., Suretyship and Guaranty, § 203, p 538; *United States v Beardslee,* 562 F2d 1016; cf. *Franklin Nat. Bank v Skeist,* 49 AD2d 215; *Indianapolis Morris Plan Corp. v Karlen,* 28 NY2d 30.) Subdivision 1 of section 3-606 of the Uniform Commercial Code is very much to the point. Concerned with the comparable and overlapping problem of the circumstances under which a holder discharges a party with a right of recourse, the section is explicit that such a party's consent to a release even without express reservation of rights avoids discharge. Accordingly, we do not consider subdivision 1 of section 15-105 of the General Obligations Law to be a barrier to the granting of summary judgment in this case. Concur—Lupiano, J. P., Silverman, Evans, Lane and Sandler, JJ.