■ COUNTY OF TIOGA, on Behalf of TIOGA COUNTY SOLID WASTE DISTRICT, Respondent, v SOLID WASTE INDUSTRIES INC. et al., Defendants, and SENECA MEADOWS INC., Appellant.— Mikoll, J. Appeal from an order of the Supreme Court (Rose, J.), entered October 16, 1990 in Tioga County, which, *inter alia,* granted plaintiff's motion to dismiss the affirmative defenses and counterclaims of defendant Seneca Meadows Inc.

At issue on this appeal is the question of whether defendant Seneca Meadows Inc. can (1) challenge the adequacy of consideration relating to the contract between plaintiff and defendant Solid Waste Industries Inc. (hereinafter SWI), (2) attempt to void the contract on the ground of unconscionability, and (3) attack the legality of the mortgage as a fraudulent conveyance under Debtor and Creditor Law article 10.

The instant action is to foreclose a mortgage held by plaintiff on property owned by SWI after SWI breached its 15-year contract, as amended, with plaintiff to remove and dispose of all of plaintiff's waste. In August 1984, SWI contracted with Ronald H. Clark Inc. (hereinafter Clark) to dispose of solid waste at Clark's site near Blossburg, Pennsylvania. Clark possessed a permit to dispose of flyash solid waste and also applied to the Pennsylvania Department of Environmental Resources for a solid waste disposal permit.

SWI agreed to haul away plaintiff's waste for $18 per ton based on the rate it had with Clark. In 1985, SWI arranged with Seneca Meadows to temporarily dispose of plaintiff's solid waste at a site owned by Seneca Meadows near the Village of Seneca Falls, Seneca County. Due to increases in "tipping" fees at the temporary site and the delay encountered by Clark in obtaining the permit for its site, SWI and plaintiff amended the rates in their contract in September 1985 to require plaintiff to pay a higher rate per ton in the early contract years and a lower rate in the latter years. There was, however, no increase in the total amount to be paid under the agreement. As security for the amendment, SWI assigned to plaintiff all its title and interest in its real property, facilities and machinery in the Town of Barton, Tioga County, used to handle and dispose of solid waste and agreed to execute a mortgage to give plaintiff a first secured interest in any real property SWI thereafter acquired in Barton. In December

1985, SWI acquired real property in Barton which it mortgaged to plaintiff in February 1986.

In June 1988, SWI owed tipping fees to Seneca Meadows in excess of $200,000 and Seneca Meadows refused to accept any more solid waste from SWI. Plaintiff subsequently sued SWI for breach of the amended contract and eventually was awarded damages in the amount of $33,136,088. This judgment was not appealed. An execution issued to enforce the judgment was returned wholly unsatisfied and the instant foreclosure action ensued. Seneca Meadows asserted eight affirmative defenses in its answer and interposed three counterclaims, essentially seeking annulment of the mortgage as a fraudulent conveyance.

Plaintiff thereafter moved to (1) dismiss the affirmative defenses or grant summary judgment, (2) dismiss Seneca Meadows' counterclaims, (3) limit discovery requests, and (4) appoint a Referee. Supreme Court, among other things, dismissed the second, third, sixth and eighth affirmative defenses, finding that Seneca Meadows lacked standing to assert them. The court then dismissed the remaining affirmative defenses on the merits, except that with respect to the seventh affirmative defense the court directed a setoff for amounts already received by plaintiff. Supreme Court also dismissed Seneca Meadows' counterclaims and appointed a Referee to compute the amount due on the mortgage taking into consideration any rents and profits plaintiff may have received while in possession of the property. This appeal by Seneca Meadows ensued.

We initially reject Seneca Meadows' argument that as a judgment creditor it has standing to raise the affirmative defense of lack of consideration in the foreclosure action because it is a necessary party to the action. This affirmative defense is personal to the parties to the contract and Seneca Meadows, a stranger to the mortgage and the underlying contract, may not assert it (see, Hasbro Bradley v Coopers & Lybrand, 128 AD2d 218, 221, lv dismissed 70 NY2d 927; see also, 22 NY Jur 2d, Contracts, § 292).

Seneca Meadows likewise is without standing to raise the affirmative defense of unconscionability (see, supra). As proof of unconscionability generally requires "some showing of 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party' " (Matter of State of New York v Avco Fin. Serv., 50 NY2d 383, 389, quoting Williams v Walter-

*Thomas Furniture Co.,* 350 F2d 445, 449; *accord, Gillman v Chase Manhattan Bank,* 73 NY2d 1, 10), the defense is personal to the parties to the contract and, thus, cannot be raised by Seneca Meadows.

Finally, we find no merit to Seneca Meadows' argument that there is a material issue of fact as to whether plaintiff gave "fair consideration" under Debtor and Creditor Law §§ 273, 274 and 275 for the mortgage on SWI's property because the risk of default which the mortgage secured was disproportionately small as compared with the property mortgaged. Clearly there is fair consideration given here. In return for the mortgage SWI received increased revenues in the beginning portion of the contract which plaintiff was not obligated to pay under the original agreement. Thus, plaintiff did more than it was obligated to do under the original agreement even though the total amount required under the contract did not change. SWI needed the increased payments to pay for its increased tipping costs which it incurred because of the delay in obtaining the permit for the Clark site from the Pennsylvania Department of Environmental Resources. Moreover, the risk of default of the mortgage secured was in excess of $33 million and cannot be said to be disproportionately small in comparison to the property mortgaged.

Casey, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.