■ LEON NASH, Respondent, v HEROLD DUROSEAU et al., Appellants, et al., Defendants. [835 NYS2d 611]—

In a mortgage foreclosure action, the defendants Herold Duroseau, Green Point Mortgage Funding, Inc., and Mortgage Electronic Registration Systems, Inc., appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 25, 2006, which denied their motion to vacate an order of the same court, dated July 22, 2005, granting the plaintiff's motion for leave to enter a default judgment against them upon their failure to answer and directing an inquest on the issue of damages.

Ordered that the order dated January 25, 2006 is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was to vacate so much of the order dated July 22, 2005, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Green Point Mortgage Funding, Inc., and substituting therefor provisions granting that branch of the appellants' motion which was to vacate so much of the order dated July 22, 2005, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Green Point Mortgage Funding, Inc. and thereupon denying that branch of the plaintiff's motion; as so modified, the order dated January 25, 2006 is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff concedes on appeal that Green Point Mortgage Funding, Inc., was not in default. Therefore, leave to enter a default judgment against that defendant should not have been granted.

With respect to the remaining appellants, in order to establish grounds to vacate their default, they were required to establish a reasonable excuse for the default and demonstrate the existence of a meritorious defense (*see Anamdi v Anugo*, 229 AD2d 408, 409 [1996]). In support of those branches of their motion which were to vacate their default in answering, they asserted the defense of lack of consideration. As third parties who were not parties to the mortgages which are the subject of this mortgage foreclosure action, they lack standing to raise the defense of lack of consideration on the ground that that defense is personal to the original mortgagor (*see 527-9 Lenox Ave. Realty Corp. v Ninth St. Assoc.*, 200 AD2d 531 [1994]; *County of Tioga v Solid Waste Indus.*, 178 AD2d 873, 874 [1991]). Accordingly, they failed to demonstrate the existence of a meritorious defense. In view of the foregoing, we need not address the question of whether the excuse for their default was reasonable. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.