US Bank N.A. v Carrington (2020 NY Slip Op 00173)





US Bank N.A. v Carrington


2020 NY Slip Op 00173


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01539
 (Index No. 511109/15)

[*1]US Bank National Association, etc., respondent,
v
Shawn A. Carrington, et al., defendants; 1698 Management Corp., nonparty-appellant.


Tsyngauz & Associates, P.C., New York, NY (Simon I. Malinowski and Yevgeny Tsyngauz of counsel), for nonparty-appellant.
Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Chava Brandriss, and Richard A. Sillett of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty 1698 Management Corp. appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 3, 2017. The order denied the motion of nonparty 1698 Management Corp. for leave to intervene in the action and, thereupon, to dismiss the complaint or, in the alternative, for leave to interpose an answer.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the appellant's motion which were for leave to intervene in the action and, thereupon, to interpose an answer, and by substituting therefor a provision granting those branches of the appellant's motion; as so modified, the order is affirmed, with costs to the appellant.
On September 10, 2015, the plaintiff commenced this action to foreclose a mortgage on premises owned by the defendant Shawn A. Carrington. Carrington failed to answer the complaint. On March 23, 2016, Carrington sold the premises to the appellant 1698 Management Corp. On August 17, 2016, the appellant moved by order to show cause for leave to intervene in the action pursuant to CPLR 1012(a) or 1013 and, thereupon, to dismiss the complaint or, in the alternative, for leave to interpose an answer. In an order dated January 3, 2017, the Supreme Court denied the appellant's motion. This appeal ensued.
We disagree with the Supreme Court's determination denying that branch of the appellant's motion which was for leave to intervene in this action. The appellant was entitled to intervene as of right pursuant to CPLR 1012(a) since it established that the representation of its interest by the parties would be inadequate, that the action involved the disposition of title to real property, and that it would be bound and adversely affected by a judgment of foreclosure and sale (see CPLR 1012[a][2], [3]; 6501; Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1394, 1396; Mauro v Atlas Park, LLC, 99 AD3d 872, 872; Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). Contrary to the court's determination, the appellant was not limited to continuing the action in Carrington's name pursuant to CPLR 1018. The fact that the appellant obtained its interest in the premises after the action was commenced and the notice of pendency was filed does not definitively bar intervention (see Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419; Westchester Fed. Sav. & Loan Assn. v H.E.W. Constr. Corp., 29 AD2d 670, 671), nor does the fact that Carrington defaulted in answering the [*2]complaint (see Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d at 201). Furthermore, under the circumstances of this case, the appellant's motion, made less than five months after it purchased the premises, and before an order of reference was issued, was timely (see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d at 1397; ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774).
However, we agree with the Supreme Court's determination denying that branch of the appellant's motion which was to dismiss the complaint. The estate of the original borrower under the note and mortgage was not a necessary party to this action. The estate had no interest in the property at the time of suit and the plaintiff agreed not to seek a deficiency judgment against it (see U.S. Bank N.A. v Esses, 132 AD3d 847, 848; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674). Contrary to the appellant's contention, the identical issue was not necessarily decided against the plaintiff in a prior foreclosure action, and the doctrine of collateral estoppel does not apply (see 23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp., 172 AD3d 964, 967). Furthermore, as a stranger to the note and mortgage, the appellant lacks standing to assert the defense of the plaintiff's alleged noncompliance with the notice requirements of RPAPL 1304 (see Citimortgage, Inc. v Etienne, 172 AD3d 808, 810). Similarly, the appellant lacks standing to raise as a defense to this action the plaintiff's alleged failure to serve a notice of default in accordance with the terms of the note and mortgage (see Nash v Duroseau, 39 AD3d 719, 720; Ashkenazy Acquisition Corp. v Rela Realty Corp., 296 AD2d 332, 333; County of Tioga v Solid Waste Indus., 178 AD2d 873, 874-875).
Accordingly, the Supreme Court should have granted those branches of the appellant's motion which were for leave to intervene in the action and, thereupon, to interpose an answer.
BALKIN, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court