Consumer Solutions, LLC v Charles (2020 NY Slip Op 06097)





Consumer Solutions, LLC v Charles


2020 NY Slip Op 06097


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-01355
 (Index No. 1984/13)

[*1]Consumer Solutions, LLC, respondent,
v
Jeremy Charles, et al., defendants; GA525 Corp., intervenor-appellant.


Vlock & Associates, P.C., New York, NY (Stephen Vlock of counsel), for intervenor-appellant.
Jeffrey A. Kosterich, LLC, Tuckahoe, NY (Michael Li of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty GA525 Corp. appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 28, 2017. The order, insofar as appealed from, in effect, upon reargument, vacated the determination in an order of the same court dated June 13, 2017, granting those branches of the prior motion of the nonparty GA525 Corp. which were for leave to intervene in the action and, thereupon, to dismiss the complaint or, in the alternative, for leave to interpose an answer, only to the extent of substituting that nonparty for the defendant Jeremy Charles in the action, and thereupon denied those branches of the prior motion.
ORDERED that the order dated November 28, 2017, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, denying that branch of the appellant's motion which was for leave to intervene in the action and, thereupon, for leave to interpose an answer, and by substituting therefor a provision, upon reargument, granting that branch of the appellant's motion; as so modified, the order dated November 28, 2017, is affirmed insofar as appealed from, with costs to the appellant.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Jeremy Charles on certain real property. Charles defaulted in appearing in the action. During the pendency of the action, nonparty GA525 Corp. (hereinafter the appellant) acquired title to the real property. The appellant moved, inter alia, for leave to intervene in the action and, thereupon, to dismiss the complaint or, in the alternative, for leave to interpose an answer. In an order dated June 13, 2017, the Supreme Court, among other things, granted those branches of the appellant's motion only to the extent of substituting the appellant for the defendant Charles in the action.
The appellant moved, inter alia, for leave to reargue those branches of its prior motion. In an order dated November 28, 2017, the Supreme Court, in effect, upon reargument, vacated the determination in the order dated June 13, 2017, granting those branches of the appellant's prior motion only to the extent of substituting the appellant for the defendant Charles in the action, and, thereupon, denied those branches of the prior motion. This appeal from the order dated November 28, 2017, ensued.
We disagree with the Supreme Court's determination, in effect, upon reargument, to deny that branch of the appellant's motion which was for leave to intervene in the action and, thereupon, for leave to interpose an answer. The appellant was entitled to intervene as of right pursuant to CPLR 1012(a) since it established that the representation of its interest by the parties would be inadequate, that the action involved the disposition of title to real property, and that it would be bound and adversely affected by a judgment of foreclosure and sale (see CPLR 1012[a][2], [3]; 6501; US Bank N.A. v Carrington, 179 AD3d 743, 743; Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1394, 1396). The fact that the appellant obtained its interest in the premises after the action was commenced and the notice of pendency was filed does not definitively bar intervention (see US Bank N.A. v Carrington, 179 AD3d at 743-744; Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419), nor does the fact that Charles defaulted in answering the complaint (see US Bank N.A. v Carrington, 179 AD3d at 744; Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). Furthermore, under the circumstances of this case, the appellant's motion was timely (see ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774).
The parties' remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court