Rev 5, LLC v Union Temple of Brooklyn (2020 NY Slip Op 07934)





Rev 5, LLC v Union Temple of Brooklyn


2020 NY Slip Op 07934


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-10048
 (Index No. 502617/18)

[*1]Rev 5, LLC, respondent, 
v
Union Temple of Brooklyn, appellant, et al., defendants.


Schindler, Cohen & Hochman, LLP, New York, NY (Steven R. Schindler and Jenny C. Gu of counsel), and Poler Legal, LLC, Brooklyn, NY (Emily A. Poler of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York, NY (Michael P. Regan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Union Temple of Brooklyn appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated July 5, 2018. The order denied the motion of the defendant Union Temple of Brooklyn pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The defendant Union Temple of Brooklyn (hereinafter the defendant) contends that the Supreme Court erred in denying its motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it, as it established a defense founded upon documentary evidence. In order to prevail on a motion pursuant to CPLR 3211(a)(1) to dismiss a complaint, the defendant must show that the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 590-591; Leader v Steinway, Inc., 180 AD3d 886; S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977). The defendant failed to make such a showing. The defendant failed to establish that the mortgage held by the plaintiff was void ab initio, as it was not based on a forged deed or a deed obtained by false pretenses (see Faison v Lewis, 25 NY3d 220; Matter of Bowser, 167 AD3d 1001; Ortiz v Silver Invs., 165 AD3d 1156). Furthermore, the defendant failed to establish that the plaintiff had knowledge of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue, and that it therefore was not a bona fide encumbrancer (see Mortgage Elec. Registration Sys., Inc. v Pagan, 119 AD3d 749; Lucas v J & W Realty & Constr. Mgt., Inc., 97 AD3d 642). Contrary to the defendant's contention, the race notice recording statute (see Real Property Law § 291) is irrelevant to the facts of this case.
Furthermore, the defendant lacks standing to assert the contention that the plaintiff's claim against it was extinguished when it settled with all three loan guarantors. The defendant is not a co-guarantor or obligor in regard to the senior loan, and, as a third party, it cannot raise a defense [*2]that is personal to the original obligor, Seventeen Development, LLC (hereinafter Seventeen) (see Nash v Duroseau, 39 AD3d 719; County of Tioga v Solid Waste Indus., 178 AD2d 873). Furthermore, while the defendant relies on General Obligations Law § 15-105 in arguing that the plaintiff's claim against the defendant was extinguished because the plaintiff released the three guarantors without expressly reserving its rights against a co-obligor, General Obligations Law § 15-105 is not applicable where, as here, the guarantors have consented in the guaranty agreements to the release of the debtor and other guarantors (see National Bank of N. Am. v Kory, 63 AD2d 579). The general rule is that a creditor's release of a principal debtor operates to discharge parties, such as guarantors, who are only secondarily liable on a debt. However, a guarantor may consent in advance to remain liable even after such a release (see Compagnie Financiere de CIC et de L'Union Europeenne v Merrill Lynch, Pierce, Fenner & Smith Inc., 188 F3d 31, 34 [2d Cir]). Here, all three guarantors agreed in the guaranty agreements to waive the defense of release. In any event, as stated above, the plaintiff has not released Seventeen from its obligations, so none of the guarantors are discharged from their obligations.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court