U.S. Bank N.A. v Apelbaum (2021 NY Slip Op 02008)





U.S. Bank N.A. v Apelbaum


2021 NY Slip Op 02008


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-07932
 (Index No. 707088/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Amir Apelbaum, respondent, et al., defendants.


Parker Ibrahim & Berg LLP, New York, NY (Mitchell S. Kurtz and Rachel G. Packer of counsel), for appellant.
The Rosenfeld Law Office PLLC, Lawrence, NY (Avinoam Rosenfeld of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered February 8, 2017. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Amir Apelbaum and for an order of reference and granted the cross motion of the defendant Amir Apelbaum to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, the cross motion of the defendant Amir Apelbaum to dismiss the complaint insofar as asserted against him is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Amir Apelbaum and for an order of reference.
On May 10, 2007, the now-deceased mortgagor, Gillian H. Apelbaum (hereinafter the mortgagor), executed a note in the sum of $840,000, together with a mortgage on certain real property as security for the note, to the plaintiff's predecessor in interest. On June 1, 2011, the mortgagor defaulted on the note, and that default remains uncured. On February 28, 2012, the mortgagor conveyed the property to the defendant Amir Apelbaum (hereinafter the defendant). The mortgagor died on March 3, 2012.
A prior mortgage foreclosure action naming the mortgagor as a defendant, despite her having died prior to the commencement of that action, was dismissed without prejudice in or around March 2014. The instant action to foreclosure the mortgage was commenced against, among others, the defendant, who appeared and answered the complaint. In June 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and the defendant cross-moved to dismiss the complaint insofar as asserted against him, among other things, on the ground that the plaintiff failed to name the estate of the mortgagor as a defendant.
In the order on appeal, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion to dismiss the complaint insofar as asserted against him, without [*2]prejudice, on the ground that the plaintiff failed to name the estate of the mortgagor as a necessary party to this action. We reverse.
The estate of the mortgagor was not a necessary party to this action, as it had no interest in the property at the time this action was commenced, inasmuch as the mortgagor conveyed the property that is subject to the mortgage to the defendant prior to her death, and the complaint does not seek a deficiency judgment against her estate (see US Bank N.A. v Carrington, 179 AD3d 743, 744; Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132).
Since the Supreme Court did not consider the merits of the plaintiff's motion, the matter must be remitted to the Supreme Court, Queens County, for a determination of the plaintiff's motion on the merits (see Countrywide Home Loans, Inc. v Campbell, 164 AD3d 646, 647-648).
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court