Bank of Am., NA v Nocella (2021 NY Slip Op 03159)





Bank of Am., NA v Nocella


2021 NY Slip Op 03159


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-12433 
2018-12434
 (Index No. 37882/11)

[*1]Bank of America, NA, etc., respondent,
v
Kathleen O. Nocella, etc., et al., defendants; Henry Irving, LLC, nonparty-appellant.


Lester & Associates, P.C. (Mavrides, Moyal, Packman & Sadkin, LLP, Lake Success, NY [Tal Z. Stanecky], of counsel), for nonparty-appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Henry Irving, LLC, appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated June 21, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and denied that branch of the cross motion of nonparty Henry Irving, LLC, which was for leave to intervene in the action. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for an order of reference, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of nonparty Henry Irving, LLC, which was for leave to intervene in the action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted that branch of the plaintiff's motion which was for an order of reference and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted that branch of the plaintiff's motion which was for an order of reference and appointed a referee to compute the amount due to the plaintiff is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to nonparty Henry Irving, LLC.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Kathleen O. Nocella. Nocella defaulted in appearing in the action. During the pendency of the [*2]action, nonparty Henry Irving, LLC (hereinafter the appellant), acquired title to the subject property. In September 2017, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The appellant cross-moved, inter alia, for leave to intervene in the action. In an order dated June 21, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, and denied that branch of the appellant's cross motion which was for leave to intervene in the action. In a second order also dated June 21, 2018, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
The Supreme Court should have granted that branch of the appellant's cross motion which was for leave to intervene in the action. The appellant was entitled to intervene as of right pursuant to CPLR 1012(a) since it established that the representation of its interest by the parties would be inadequate, that the action involved the disposition of title to real property, and that it would be bound and adversely affected by a judgment of foreclosure and sale (see CPLR 1012[a][2], [3]; 6501; US Bank N.A. v Carrington, 179 AD3d 743; Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). Contrary to the court's determination, neither the fact that the appellant obtained its interest in the subject property after this action was commenced and the notice of pendency was filed, nor the fact that the defendants defaulted in answering or appearing, definitively bars intervention (see Consumer Solutions, LLC v Charles,187 AD3d 1134, 1135; US Bank N.A. v Carrington, 179 AD3d at 743-744; Citimortgage, Inc. v Dulgeroff, 138 AD3d 419, 419; Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d at 201). Moreover, since the appellant's cross motion, inter alia, for leave to intervene was made before an order of reference or judgment of foreclosure and sale was issued, the plaintiff was not prejudiced by the timing of the cross motion (see US Bank N.A. v Carrington, 179 AD3d at 744; ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774). Since the appellant's intervention in the action was warranted, it follows, therefore, that the court should have denied that branch of the plaintiff's motion which was for an order of reference (cf. US Bank N.A. v Carrington, 179 AD3d at 743-744).
Accordingly, the Supreme Court should have granted that branch of the appellant's cross motion which was for leave to intervene in the action and denied that branch of the plaintiff's motion which was for an order of reference.
The appellant's remaining contentions are without merit.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court