Federal Natl. Mtge. Assn. v Thomas (2022 NY Slip Op 05841)

Federal Natl. Mtge. Assn. v Thomas

2022 NY Slip Op 05841

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-00076
 (Index No. 1577/14)

[*1]Federal National Mortgage Association, etc., respondent,
v
Walter Thomas, etc., et al., defendants; Cecil Lennon, nonparty-appellant.

Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for nonparty-appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl and Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Cecil Lennon appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 29, 2019. The order, insofar as appealed from, upon reargument, in effect vacated the determinations in an order of the same court dated January 26, 2017, (1) granting that branch of the motion of nonparty Cecil Lennon which was pursuant to CPLR 1012(a)(3) for leave to intervene in the action, and (2) denying that branch of his motion which was to dismiss the complaint insofar as asserted against him, and thereupon (1) denied, in effect, as untimely, that branch of the motion of nonparty Cecil Lennon which was pursuant to CPLR 1012(a)(3) for leave to intervene in the action and, (2) in effect, denied, as academic, that branch of his motion which was to dismiss the complaint insofar as asserted against him.
ORDERED that the order dated October 29, 2019, is affirmed insofar as appealed from, with costs.
On February 1, 2008, the defendant Walter Thomas executed a note in the amount of $573,750, which was secured by a mortgage encumbering real property located in Brooklyn (hereinafter the subject property). The mortgage was recorded on March 10, 2008. Thomas allegedly defaulted on the loan on November 1, 2009. On September 5, 2013, Thomas allegedly conveyed title to the subject property to nonparty Cecil Lennon. On November 18, 2013, a title report was issued in preparation for the commencement of this foreclosure action. The title report did not list the alleged conveyance on September 5, 2013, as it was not recorded. On December 31, 2013, the deed conveying the subject property to Lennon was recorded. According to the real property transfer report, the sale price was $10.
On January 31, 2014, the plaintiff's predecessor in interest commenced this action against Thomas, among others, to foreclose the mortgage. Presumably, since the November 18, 2013 title report did not show the conveyance to Lennon, the complaint did not name Lennon as a defendant. By order and judgment of foreclosure and sale dated February 10, 2016, the Supreme [*2]Court, inter alia, directed the sale of the subject property. On August 4, 2016, the subject property was sold at a foreclosure auction.
On September 30, 2016, Lennon moved, inter alia, pursuant to CPLR 1012(a)(3) for leave to intervene in the action and to dismiss the complaint insofar as asserted against him for nonjoinder of a necessary party. The plaintiff opposed the motion, contending, among other things, that it was prejudiced by Lennon's delay in moving for leave to intervene until after the subject property had been sold. In an order dated January 26, 2017, the Supreme Court, inter alia, granted that branch of Lennon's motion which was for leave to intervene, denied that branch of his motion which was to dismiss the complaint insofar as asserted against him, and directed the plaintiff to serve and file an amended complaint to include claims against Lennon.
In March 2019, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve Lennon. Lennon opposed the motion and cross-moved for leave to reargue that branch of his prior motion which was to dismiss the complaint insofar as asserted against him. In an order dated October 29, 2019, the Supreme Court granted leave to reargue and, upon reargument, in effect, vacated the determinations in the order dated January 26, 2017, granting that branch of Lennon's prior motion which was for leave to intervene and denying that branch of his prior motion which was to dismiss the complaint insofar as asserted against him, and thereupon, denied, in effect, as untimely, that branch of Lennon's prior motion which was for leave to intervene and, in effect, denied, as academic, that branch of his prior motion which was to dismiss the complaint insofar as asserted against him. Lennon appeals, and we affirm.
"Pursuant to CPLR 1012(a)(3), [u]pon timely motion, any person shall be permitted to intervene in any action . . . when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447 [internal quotation marks omitted]). "In considering whether a motion to intervene is timely, courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (id. at 447 [internal quotation marks omitted]).
Here, it is undisputed that Lennon had actual notice of the open and unsatisfied mortgage at the time he acquired title to the subject property. Lennon did not move for leave to intervene until approximately seven months after the order and judgment of foreclosure and sale was issued and approximately two months after the foreclosure auction took place. Therefore, upon reargument, the Supreme Court properly denied, in effect, as untimely, that branch of Lennon's motion which was for leave to intervene (see 1077 Madison St. v Dickerson, 197 AD3d at 447; see also HSBC Bank USA, N.A. v Minogue, 202 AD3d 662, 664; cf. Bank of Am. v Nocella, 194 AD3d 900, 902).
In light of our determination, we need not reach Lennon's remaining contentions.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court