| |
|---|
| **United Legwear Co., LLC v All in the Cards, Inc.** |
| 2024 NY Slip Op 33153(U) |
| September 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652523/2022 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

PART **38M**

--------------------------------------------------------------------------------X

UNITED LEGWEAR COMPANY, LLC,

Plaintiff,

- v -

ALL IN THE CARDS, INC., ALEX MISSRY, ALLISON YEDID MISSRY, VICTORIA MISSRY SUTTON, and AALVI GROUP LLC,

Defendants.

--------------------------------------------------------------------------------X

| INDEX NO. | 652523/2022 |
|---|---|
| MOTION DATE | 10/10/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, and 71

were read on this motion to _____DISMISS_____.

LOUIS L. NOCK, J.S.C.

This action arises out of a promissory note evidencing a loan from plaintiff to defendant All in the Cards, Inc. ("AITC"), in the amount of $1,894,054.90 (note, NYSCEF Doc. No. 44). The note was guaranteed in full by defendant AALVI Group LLC ("AALVI"), and in part by individual defendants Alex Missry ("Missry"), Allison Yedid Missry ("Yedid-Missry"), and Victoria Missry Sutton ("Sutton") (*id.* at 5-6). The individual guarantors are all identified as officers and shareholders of AITC and AALVI (*id.* at 5). Plaintiff commenced this action by motion for summary judgment in lieu of complaint. By decision and order dated May 1, 2023 (NYSCEF Doc. No. 34), the court denied the motion, holding that issues of fact surrounding whether Yedid-Missry, the only remaining defendant, had been released by operation of a broader release given to AITC, AALVI, and Missry, precluded summary judgment, and directed plaintiff to file a formal complaint (NYSCEF Doc. No. 34).

**652523/2022   UNITED LEGWEAR COMPANY, LLC vs. ALL IN THE CARDS, INC. ET AL**
**Motion No.  002**

**Page 1 of 8**

Presently before the court are Yedid-Missry's motion to dismiss the complaint, and plaintiff's cross-motion for summary judgment. Upon the forgoing documents, the motion to dismiss is granted, the cross-motion denied, and the action dismissed, for the reasons set forth in the moving and replay papers (NYSCEF Doc. Nos. 43, 70) and the exhibits attached thereto, in which the court concurs, as summarized herein.[1]

**Background**

The court set forth the general background of this action and sequence of events in its prior decision, to which the reader is referred. In order to understand why Yedid-Missry is no longer liable to plaintiff under the note, however, a more detailed examination of the timeline is necessary.

Plaintiff made two demands for payment under the note, on July 14 and July 20, 2022, the second of which directly demanded payment under the guarantee from AALVI (NYSCEF Doc. Nos. 60, 61). The next day, plaintiff filed its motion papers, affidavits of service of which were filed on August 1, 2022.

Unbeknownst to Yedid-Missry, plaintiff negotiated releases in favor of AITC, AALVI, Missry, and Sutton. By general release dated September 8, 2022, plaintiff irrevocably released Sutton in exchange for a payment of her partial guarantee of the note, which was executed by plaintiff's Chief Financial and Operating Officer, Christopher J. Volpe (Sutton release, NYSCEF Doc. No. 24). On September 26, 2022, plaintiff discontinued the action against Sutton (NYSCEF Doc. No. 18). At around the same time, on September 19, 2022, plaintiff entered into a settlement agreement with Missry, in which Missry agreed to allow plaintiff to file a lien against a property he owned located at 36 Colin Place, Brooklyn, New York, in the amount of

---

[1] Plaintiff's argument that the exhibits offered by defendant are not in admissible form is unavailing, as they were all previously part of the record on the motion for summary judgment in lieu of complaint or attached to the complaint.

**652523/2022   UNITED LEGWEAR COMPANY, LLC vs. ALL IN THE CARDS, INC. ET AL**             **Page 2 of 8**
   **Motion No.  002**

$1,136,432.94 in satisfaction of his indebtedness (settlement agreement, NYSCEF Doc. No. 65, ¶¶ 2-3). The parties agreed that they would execute a stipulation of discontinuance with prejudice and mutual general releases, to be held in escrow pursuant to a separate agreement (*id.*, ¶ 4). The court notes that the escrow agreement is not in the record.

The form of general release for Missry is identical to the executed release dated September 21, 2022, also notarized on plaintiff's behalf by Volpe (Missry release, NYSCEF Doc. No. 66). The release provides, in unambiguous terms, that in exchange for a payment from Missry, for which plaintiff acknowledged receipt, plaintiff "releases and discharges [Missry, AITC, and AALVI] (collectively, 'RELEASEE') and all of RELEASEE's past and present officers, directors, shareholders, members, managers . . . from all actions, causes of actions, suits . . . and demands whatsoever" arising out of the note (*id.*). The release does not mention Yedid-Missry or reserve claims against her, and does not contain language indicating it was limited in time or scope, or dependent upon any conditions precedent other than payment by Missry, which is acknowledged.

On November 4, 2022, Yedid-Missry filed her opposition to plaintiff's motion for summary judgment in lieu of complaint, in which she argued that under the unambiguous terms of the general release given to Missry, AITC, and AALVI, she was also released from liability under the note as an officer and shareholder of AITC (NYSCEF Doc. No. 21). In response, plaintiff quickly drafted a new version of the release which specifically attempted to reserve plaintiff's claims against Yedid-Missry and limited the release of AITC and AALVI to the amount of the payment made by Missry (NYSCEF Doc. No. 67). Plaintiff claimed that the previous release was not effective because Missry had not yet made payment under the settlement agreement and so plaintiff could simply replace that release with a different release.

**652523/2022   UNITED LEGWEAR COMPANY, LLC vs. ALL IN THE CARDS, INC. ET AL**
**Motion No.  002**

**Page 3 of 8**

3 of 8

The parties primarily restate these arguments in support of their respective motion and cross-motion

### Standards of Review

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "[The court] accept[s] the facts as alleged in the complaint as true, accord[ing] plaintiff the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory" (*id*. at 87-88). Ambiguous allegations must be resolved in plaintiff's favor (*JF Capital Advisors, LLC v Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 West 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [internal citations omitted]). "[W]here ... the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration" (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1st Dept 1994]).

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of N.Y.,* 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is

**652523/2022  UNITED LEGWEAR COMPANY, LLC vs. ALL IN THE CARDS, INC. ET AL**  **Page 4 of 8**
**Motion No.  002**

4 of 8

insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assocs. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

**Discussion**

The complaint alleges a breach of the note and guarantee against AITC, AALVI, and Yedid-Missry, in the amount of Yedid-Missry's guarantee of the note. As the Court of Appeals has summarized, the basic principles of contract interpretation are as follows:

> It is fundamental that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms, and that courts should read a contract as a harmonious and integrated whole. Courts may not, through their interpretation of a contract, add or excise terms or distort the meaning of any particular words or phrases, thereby creating a new contract under the guise of interpreting the parties' own agreements. In that regard, a contract must be construed in a manner which gives effect to each and every part, so as not to render any provision meaningless or without force or effect.

(*Nomura Home Equity Loan, Inc., Series 2006-FM2, by HSBC Bank USA, N.A. v Nomura Credit & Capital, Inc.*, 30 NY3d 572, 581 [2017] [internal quotation marks and citations omitted].) In accordance with these principles, the court finds that the original executed release operates to release plaintiff's claim against Yedid-Missry. "As with contracts generally, the courts must look to the language of a release – the words used by the parties – to determine their intent, resorting to extrinsic evidence only when the court concludes as a matter of law that the contract is ambiguous" (*Wells v Shearson Lehman/Am. Exp., Inc.*, 72 NY2d 11, 19 [1988]).

**652523/2022 UNITED LEGWEAR COMPANY, LLC vs. ALL IN THE CARDS, INC. ET AL**   **Page 5 of 8**
**Motion No. 002**

[* 5]

5 of 8

The release discharges "[Missry, AITC, and AALVI] (collectively, 'RELEASEE') and all of RELEASEE's past and present officers, directors, shareholders, members, managers . . . from all actions, causes of actions, suits . . . and demands whatsoever" arising out of the note (Missry release, NYSCEF Doc. No. 66). According to the General Obligations Law, "the obligee's release or discharge of one or more of several obligors, or of one or more of joint, or of joint and several obligors shall not discharge co-obligors, against whom the obligee in writing and as part of the same transaction as the release or discharge, expressly reserves his rights" (General Obligations Law § 15-104). Here, the general release contains no reservation of rights as to Yedid-Missry. Further, where a release discharges a defined class of persons with relation to a given subject matter, that release operates to bar claims against any member of the defined class (*Oxford Commercial Corp. v Landau*, 12 NY2d 362, 366 [1963] ["In the case before us, the plaintiff's agreement not to sue 'any person whomsoever' except those specifically named is too clear and precise to admit of evidence that the parties intended to exclude the defendants from this all-inclusive category"]). Plaintiff, a sophisticated commercial party, "had to have known, from the face of this release," that it was discharging "the named defendants . . . and an identified group of persons related to them" (*Wells*, 72 NY2d at 23). It is undisputed that Yedid-Missry is an officer and shareholder of AITC, and, therefore, within the class of persons to be discharged.

Moreover, where a creditor such as plaintiff releases the principal debtor from its obligations, any and all guarantors are released as well (*Rev 5, LLC v Union Temple of Brooklyn*, 189 AD3d 1485, 1486 [2d Dept 2020]). While a guarantor may consent to remain liable upon its co-obligors' release (*id.*; *see also National Bank of N. Am. v Kory*, 63 AD2d 579, 580 [1st Dept 1978]), here, there is no indication that Yedid-Missry consented to remain liable.

652523/2022   UNITED LEGWEAR COMPANY, LLC vs. ALL IN THE CARDS, INC. ET AL          Page 6 of 8
Motion No.  002

6 of 8

[* 6]

In opposition and in support of its cross-motion, plaintiff stands on its argument that the general release was not active until payment of the settlement proceeds because it was to be held in escrow. Plaintiff cites *Reb Michael, Inc. v Southbridge Towers, Inc.* (121 AD2d 962, 965 [1st Dept 1986]) for the proposition that the release, "having been placed in escrow pursuant to the terms of the [settlement] arrangement, was never delivered and therefore, never took effect." Thus, the argument goes, the general release was ineffective at the time Yedid-Missry received it from Missry, and it was the amended release instead that became effective upon Missry making payment under the settlement agreement. However, plaintiff has not submitted a copy of the escrow agreement, leaving the court unable to evaluate its terms as relates to the general release. Moreover, if a valid escrow agreement was in fact created, the amended release is a nullity. "The law makes the depositary a trustee for both parties; it imposes upon him a duty not to deliver the escrow to any one except upon strict compliance with the conditions imposed, and even subjects him to damages for his failure; it makes the deed or other instrument irrevocable" (*Farago v Burke*, 262 NY 229, 233 [1933]). Thus, if given under a valid escrow agreement, the original general release could not amended or revoked (*National Union Fire Ins. Co. Pittsburgh, Pa. v Proskauer Rose Goetz & Mendelsohn*, 165 Misc 2d 539, 545 [Sup Ct NY County1994] ["Although the promisor retains a contingent right to repossess the property when the specified condition does not occur, the delivery of the property must be irrevocable until the occurrence or non-occurrence of the condition"], *affd* 227 AD2d 106 [1st Dept 1996]). Alternatively, if no valid escrow agreement was made, then the general release became effective once signed. In either circumstance, the amended release has no effect. It is not for the court to rewrite the terms of the general release to avoid the effect of plaintiff's own drafting (*Vermont Teddy Bear Co., Inc. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004] ["courts should be extremely reluctant

to interpret an agreement as impliedly stating something which the parties have neglected to specifically include"]).

Accordingly, it is hereby

ORDERED that defendant Allison Yedid Missry's motion to dismiss the action against her is granted, and plaintiff's cross-motion for summary judgment against said defendant is denied; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of said defendant dismissing the action against her; and it is further

ORDERED that the action is severed and continued as to the remaining defendants.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 9/6/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**652523/2022   UNITED LEGWEAR COMPANY, LLC vs. ALL IN THE CARDS, INC. ET AL**
**Motion No.  002**

**Page 8 of 8**

8 of 8