■ DWIGHT HALSTEAD, Respondent, v HOPETON DOLPHY, Also Known as HOPETON DOLPY, et al., Defendants, and DEUTCHE BANK NATIONAL TRUST COMPANY, Respondent. CAMBRIDGE HOME CAPITAL, LLC, Proposed Intervenor-Appellant. (And a Third-Party Action.) [892 NYS2d 897]—

In an action, inter alia, for a judgment declaring that certain deeds conveying certain real property are void, the proposed intervenor, Cambridge Home Capital, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 9, 2009, as denied that branch of its motion which was for leave to intervene pursuant to CPLR 1012.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and that branch of the motion of Cambridge Home Capital, LLC, which was for leave to intervene is granted on condition that Cambridge Home Capital, LLC, stipulates to conduct no additional discovery in this action; in the event that Cambridge Home Capital, LLC, fails to so stipulate, then the order is affirmed insofar as appealed from, with one bill of costs; and it is further,

Ordered that the time for Cambridge Home Capital, LLC, to stipulate shall expire 30 days from service upon it of a copy of this decision and order.

The appellant, Cambridge Home Capital, LLC (hereinafter Cambridge), demonstrated that it holds a mortgage on the real

property which is the subject of this action, and that its interest in the property may be adversely affected by the judgment sought. Cambridge's interest in the subject property entitles it to intervene as a matter of right (*see* CPLR 1012 [a] [3]; *NYCTL 1999-1 Trust v Chalom*, 47 AD3d 779, 780 [2008]; *George v Grand Bay Assoc. Enter. Inc.*, 45 AD3d 451 [2007]). Although Cambridge did not seek leave to intervene until more than four years after the commencement of this action, intervention may occur at any time, provided that it does not unduly delay the action or prejudice existing parties (*see Poblocki v Todoro*, 55 AD3d 1346, 1347 [2008]; *Matter of Romeo v New York State Dept. of Educ.*, 39 AD3d 916, 917 [2007]; *see also* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1012:5). Here, the motion for leave to intervene was made before a note of issue was filed in this action, and Cambridge indicated its willingness to obviate delay and prejudice to the existing parties by stipulating that it will conduct no additional discovery in this action. Under these circumstances, Cambridge should have been granted leave to intervene on the condition that it so stipulated (*see Poblocki v Todoro*, 55 AD3d 1346 [2008]; *cf. Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737, 738 [1989]). Fisher, J.P., Miller, Eng and Hall, JJ., concur.