■ 112-40 F.L.B. Corp., Appellant, v Tycoon Collections, Inc., et al., Defendants, and Lakewood Building Corp., Respondent. (And a Third-Party Action.) (Action No. 1.) Lakewood Building Corp., Respondent, v 112-40 F.L.B. Corp., Appellant. (Action No. 2.) [901 NYS2d 294]—

In related actions pursuant to RPAPL article 15 to quiet title to real property, 112-40 F.L.B. Corp., the plaintiff in action No. 1 and the defendant in action No. 2, appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), entered April 17, 2008, in action No. 1, as granted that branch of the motion of Lakewood Building Corp. which was pursuant to CPLR 1012 (a) for leave to intervene as a party defendant in that action, and (2) from an order of the same court entered April 28, 2008, in action No. 2 which, in effect, denied its motion in that action for summary judgment

dismissing the first cause of action and to cancel a notice of pendency filed by Lakewood Building Corp. in connection with real property that is the subject of that action.

Ordered that the order entered April 17, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered April 28, 2008, is affirmed; and it is further,

Ordered that one bill of costs is awarded to Lakewood Building Corp., payable by 112-40 F.L.B. Corp.

Both 112-40 F.L.B. Corp. (hereinafter FLB) and Lakewood Building Corp. (hereinafter Lakewood) claim ownership of real property designated as 609 Glenmore Avenue in Brooklyn (hereinafter the property), and each traces its chain of title back to the same person, Miriam J. Sgambati. FLB claims that Miriam J. Sgambati died in 1989 and that her sole surviving heir, Patricia Sgambati, conveyed the property to it on July 20, 2006, pursuant to a deed. FLB's deed was recorded on January 16, 2007. Lakewood claims that Miriam J. Sgambati was still alive in January 2006, and that she conveyed the property at that time to Oscar Scott. According to Lakewood, Scott deeded the property to Burnell Tycoon in July 2006, Tycoon deeded the property to Tycoon Collections, Inc. (hereinafter TCI), in August 2006, and TCI deeded the property to Lakewood in December 2006.

By the time Lakewood recorded its deed on February 12, 2007, FLB had already filed a notice of pendency, effective January 11, 2007, and had also commenced an action against TCI, Lakewood's immediate predecessor in its claimed chain of title, and Goodworks Service Corp., TCI's lender, seeking to quiet title (hereinafter action No. 1). On May 10, 2007, FLB obtained a default judgment against TCI and Goodworks in action No. 1, declaring that FLB is the sole owner of the property.

In October 2007 Lakewood commenced an action against FLB (hereinafter action No. 2) seeking a judgment declaring that Lakewood is the sole owner of the property and also seeking damages. Lakewood also filed a notice of pendency. Additionally, in February 2008, Lakewood moved for leave to intervene as a party defendant in action No. 1, and to vacate the default judgment obtained by FLB against TCI and Goodworks in that action.

In an order entered April 28, 2008, the Supreme Court, in effect, denied FLB's motion in action No. 2 to cancel Lakewood's notice of pendency, and for summary judgment dismissing Lakewood's first cause of action seeking a declaratory judg-

ment. In an order entered April 17, 2008, the Supreme Court granted that branch of Lakewood's motion which was for leave to intervene as a party defendant in action No. 1, but denied, "without prejudice," that branch of the same motion which was to vacate the judgment entered on default. FLB appeals from the order denying its motion in action No. 2 and from so much of the order entered in action No. 1 as granted that branch of Lakewood's motion which was for leave to intervene in that action. We affirm the order entered April 28, 2008, and affirm the order entered April 17, 2008, insofar as appealed from.

The Supreme Court properly granted Lakewood's motion for leave to intervene as a party defendant in action No. 1. By presenting a deed to the property and submitting evidence that it had paid more than $200,000 for the property, and had made significant renovations to it, Lakewood made a threshold showing that it had "a real and substantial interest in the outcome" of action No. 1 (*Perl v Aspromonte Realty Corp.*, 143 AD2d 824, 825 [1988]; *see* CPLR 1012 [a] [3]; *Wells Fargo Bank, N.A. v McLean*, 70 AD3d 676 [2010]; *Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 843 [2009]; *Matter of Bernstein v Feiner*, 43 AD3d 1161, 1162 [2007]). The fact that the motion for leave to intervene was made after a judgment was entered in action No. 1 did not prevent the Supreme Court from granting it (*see Capital Resources Co. v Prewitt*, 266 AD2d 176, 177 [1999]).

Moreover, the Supreme Court properly, in effect, denied FLB's motion for summary judgment dismissing the first cause of action in action No. 2. There were a number of triable issues of fact regarding the validity of the competing chains of title, principally the actual date of Miriam J. Sgambati's death. Although FLB filed its notice of pendency before Lakewood recorded its deed, and Lakewood delayed somewhat in moving for leave to intervene in action No. 1, Lakewood made a showing that FLB's chain of title was based on a forged deed from a purported grantor who never had title to the property. Lakewood further made a showing that it may ultimately obtain relief pursuant to CPLR 5015 (a) (3) from the judgment entered on default in action No. 1. Inasmuch as Lakewood's delay was not inordinate, FLB was not entitled to summary judgment in connection with Lakewood's cause of action seeking declaratory relief in action No. 2.

The parties' remaining contentions either are without merit or need not be reached in light of our determinations. Fisher, J.P., Dillon, Dickerson and Belen, JJ., concur.