(November 9, 2011)

ABM Resources Corp., Respondent, et al., Plaintiff, v Doraben, Inc., et al., Defendants. Residential Funding Corporation, Proposed Intervenor-Appellant. [933 NYS2d 296]—

774

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [c]).

The Supreme Court erred in determining that Residential Funding Corporation (hereinafter RFC) was not entitled to intervene, as of right pursuant to CPLR 1012 (a), as a defendant in this mortgage foreclosure action commenced by ABM Resources Corp. (hereinafter ABM). RFC was entitled to intervene in this action, since it established that the representation of its interest by the parties would be inadequate, that the action involved the disposition of title to real property, and that it would be bound and adversely affected by a judgment of foreclosure and sale (see CPLR 1012 [a] [2], [3]). Moreover, RFC's motion, inter alia, for leave to intervene was made before a judgment of foreclosure and sale was entered and, thus, under the circumstances of this case, the plaintiffs were not prejudiced by the timing of the motion (see CPLR 1012 [a] [2], [3]; Halstead v Dolphy, 70 AD3d 639 [2010]; see also 112-40 F.L.B. Corp. v Tycoon Collections, Inc., 73 AD3d 719, 721 [2010]; Wells Fargo Bank, N.A. v McLean, 70 AD3d 676 [2010]; Poblocki v Todoro, 55 AD3d 1346 [2008]; NYCTL 1999-1 Trust v Chalom, 47 AD3d 779 [2008]; cf. T & V Constr. Corp. v Pratti, 72 AD3d 1065 [2010]; Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737, 737-738 [1989]). Accordingly, RFC's motion for leave to intervene in the action and for leave to serve and file an answer should have been granted.

We note that, contrary to the Supreme Court's conclusion, RFC did not "fail[ ] to show that it has a viable defense or counterclaim that ABM's mortgage is void as against it." RFC demonstrated that the defendant Doraben, Inc. (hereinafter Doraben), was dissolved by proclamation of the Secretary of State on June 25, 2003, nearly three years prior to the date on

which Doraben purportedly purchased the subject property and mortgaged it to ABM. RFC thereby made a prima facie showing that Doraben's purchase of the subject property, and ABM's mortgage, are void (*see* Business Corporation Law § 1005 [a] [1]; *Matter of Hausman*, 13 NY3d 408, 413 [2009]; *Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 387-389 [1958]; *Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 109-110 [1986]; *cf. Luna Light., Inc. v Just Indus., Inc.*, 45 AD3d 814, 815-816 [2007]).

In light of our determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.