Wells Fargo Bank, N.A. v Stephen (2022 NY Slip Op 03414)





Wells Fargo Bank, N.A. v Stephen


2022 NY Slip Op 03414


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-09221
 (Index No. 502002/17)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Diane Stephen, et al., defendants, Neville Hillocks, et al., apellants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Aldridge Pite LLP (Reed Smith LLP, New York, NY [Kerren B. Zinner and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Neville Hillocks, Angelique Hillocks, and Roland Hillocks appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 18, 2019. The order, insofar as appealed from, upon a decision of the same court, also dated March 18, 2019, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2007, the defendant Diane Stephen borrowed the sum of $368,231 from Lend America. The loan was memorialized by a note and secured by a mortgage on certain property in Brooklyn. In January 2017, the plaintiff commenced this action to foreclose the mortgage against Stephen, among others. Stephen interposed a verified answer asserting various affirmative defenses. Thereafter, the Supreme Court granted the motion of the defendants Neville Hillocks, Angelique Hillocks, and Roland Hillocks (hereinafter collectively the appellants) for leave to intervene in the action on the ground that they held an interest in the subject property. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Stephen and the appellants, to strike their respective answers, and for an order of reference. The appellants opposed the plaintiff's motion. By order dated March 18, 2019, the court, inter alia, granted the plaintiff's motion and appointed a referee to ascertain and compute the amount due to the plaintiff. This appeal ensued.
The appellants' contention that the Supreme Court should have denied the subject branches of the plaintiff's motion because the plaintiff failed to demonstrate, prima facie, its compliance with RPAPL 1304 is without merit. Although the appellants were proper parties to the action as holders of an interest in the property, it does not necessarily follow that they may properly assert, either in their own right or on behalf of the borrower, any defense that was or could have been asserted by the borrower. Rather, as relevant here, the notice requirements of RPAPL 1304 were enacted for the benefit and protection of borrowers (see RPAPL 1304[6][a][1][i]). The statutory defense created by RPAPL 1302(2) for noncompliance with RPAPL 1304 is a "personal defense" [*2]which could not be raised by the appellants, who are strangers to the subject note and mortgage (Deutsche Bank Natl. Trust Co. v Gendelman, 195 AD3d 792, 793; see HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 799; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024; Citimortgage, Inc. v Etienne, 172 AD3d 808, 809-810). Accordingly, contrary to the appellants' contention, they lacked standing to raise the issue of compliance with RPAPL 1304 as a defense, and the merits of that issue are not properly before this Court.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court