Dekalb Assets 2015, LLC v Roman (2023 NY Slip Op 04362)

Dekalb Assets 2015, LLC v Roman

2023 NY Slip Op 04362

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-05716
 (Index No. 509253/16)

[*1]Dekalb Assets 2015, LLC, appellant, 
v
Nicole Roman, etc., et al., defendants, Federal National Mortgage Association, intervenor-respondent.

Friedman Vartolo LLP, New York, NY (Ronald P. LaBeck of counsel), for appellant.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for intervenor-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated March 19, 2020. The order, insofar as appealed from, granted that branch of the motion of Federal National Mortgage Association which was for leave to intervene in the action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, Citimortgage, Inc., commenced this action to foreclose a mortgage given by Nicole Roman on December 15, 2004, to First Estate Funding Corp., securing a note in the amount of $566,116 and encumbering real property located in Brooklyn. Named as a defendant in this action was OneWest Bank FSB, an alleged "Subordinate Lienor by virtue of MORTGAGE dated 10-03-05 in the amount of $464,000.00." Roman served an answer to the complaint. Thereafter, the Supreme Court awarded summary judgment to Citimortgage, Inc., amended the caption to substitute Wilmington Savings Fund Society as the plaintiff, and appointed a referee to compute the amount due on the mortgage loan. Subsequently, the court entered, on default, an order and judgment of foreclosure and sale, inter alia, amending the caption to substitute Dekalb Assets 2015, LLC, as the plaintiff.
In 2019, nonparty Federal National Mortgage Association (hereinafter FNMA) moved, inter alia, for leave to intervene in the action as a defendant. FNMA asserted that it was an assignee of a mortgage given on October 3, 2005, and claimed that it, and not One West Bank FSB, was a necessary party to the action, as it was the mortgagee of record at the time this foreclosure action was commenced. The plaintiff opposed the motion. In an order dated March 19, 2020, the Supreme Court, inter alia, granted that branch of the motion which was for leave to intervene in the action pursuant to CPLR 1013. The plaintiff appeals.
A court, in its discretion, may permit a proposed intervenor to intervene, inter alia, when the proposed intervenor's claim or defense and the main action have a common question of law or fact (see CPLR 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a [*2]timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677; see Windward Bora, LLC v PNC Bank, N.A., 208 AD3d 615, 616). "In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (CPLR 1013; see Wells Fargo Bank, N.A. v McLean, 70 AD3d at 677).
Here, the Supreme Court providently exercised its discretion in granting that branch of FNMA's motion which was for leave to intervene in the action pursuant to CPLR 1013, as FNMA established that it had a real and substantial interest in the outcome of the proceedings (see American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620, 621; 112-40 F.L.B. Corp. v Tycoon Collections, Inc., 73 AD3d 719, 721; Wells Fargo Bank, N.A. v McLean, 70 AD3d at 678). Contrary to the plaintiff's contention, the fact that the motion for leave to intervene was made after an order and judgment of foreclosure and sale was entered did not prevent the court from granting the motion (see 112-40 F.L.B. Corp. v Tycoon Collections, Inc., 73 AD3d at 721; Capital Resources Co. v Prewitt, 266 AD2d 176, 177).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court