Maggi v U.S. Bank Trust, N.A. (2023 NY Slip Op 05600)

Maggi v U.S. Bank Trust, N.A.

2023 NY Slip Op 05600

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-01881 
2021-03526
 (Index No. 602384/19)

[*1]Hallie S. Maggi, et al., respondents,
v
U.S. Bank Trust, N.A., etc., appellant.

Day Pitney, LLP, New York, NY (Alfred W.J. Marks and Michael J. Fitzpatrick of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Justin Pane of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, appeals from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated February 17, 2021, and (2) an order of the same court dated April 22, 2021. The order and judgment, insofar as appealed from, (1) denied those branches of the motion of then nonparty U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, which were pursuant to CPLR 1012 and/or 1013 for leave to intervene in the action and for leave to file an answer, (2), upon granting that branch of the plaintiffs' cross-motion which was pursuant to CPLR 1018 and 1021 for leave to amend the caption to substitute then nonparty U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, as the defendant in place of the defendant Ditech Financial, LLC, granted those branches of the plaintiffs' cross-motion which were, in effect, pursuant to CPLR 3215 for leave to enter a default judgment against U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, and to direct the Clerk of Suffolk County to cancel and discharge of record the subject mortgage. The order dated April 22, 2021, insofar as appealed from, denied that branch of the motion of the defendant U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, which was for leave to renew those branches of its prior motion which were pursuant to CPLR 1012 and/or 1013 for leave to intervene in the action and for leave to file an answer and its opposition to the plaintiffs' cross-motion.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, those branches of the motion of U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, which were pursuant to CPLR 1012 and/or 1013 for leave to intervene in the action and for leave to file an answer are granted, those branches of the plaintiffs' cross-motion which were, in effect, pursuant to CPLR 3215 for leave to enter a default judgment against U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, and to direct the Clerk of Suffolk County to cancel and discharge of record the subject mortgage are denied, and the provision directing the Clerk of Suffolk County to cancel and discharge of record the subject mortgage is vacated; and it is further,
ORDERED that the appeal from so much of the order dated April 22, 2021, as denied that branch of the motion of the defendant U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, which was for leave to renew its prior motion and its opposition to the plaintiffs' [*2]cross-motion is dismissed as academic in light of the determination on the appeal from the order and judgment; and it is further,
ORDERED that one bill of costs is awarded to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust.
On June 9, 2005, Hallie S. Maggi (hereinafter Hallie) executed a note in the sum of $342,000 in favor of Flagstar Bank, FSB, which was secured by a mortgage on certain residential property located in Hauppauge. The mortgage was signed by Hallie and by Steven F. Maggi (hereinafter together the plaintiffs).
On February 4, 2019, the plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage against Ditech Financial, LLC (hereinafter Ditech). The complaint alleged, inter alia, that Ditech was the holder of the note and mortgage, the loan was accelerated on May 4, 2010, by the commencement of a prior action to foreclose the same mortgage, and the statute of limitations for commencing a foreclosure action had expired. Ditech moved pursuant to CPLR 3211(a) to dismiss the complaint. By order dated September 11, 2019, the Supreme Court denied Ditech's motion. On October 11, 2019, Ditech served an answer to the complaint, but the plaintiffs rejected the answer as untimely.
In August 2020, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust (hereinafter U.S. Bank) moved, among other things, pursuant to CPLR 1012 and/or 1013 for leave to intervene in the action and for leave to file an answer. U.S. Bank contended, inter alia, that it was the real party in interest, as it took possession of the note in June 2018, prior to the commencement of this action, and was the current assignee of the mortgage. The plaintiffs opposed the motion and cross-moved, among other things, pursuant to CPLR 1018 and 1021 for leave to amend the caption to substitute U.S. Bank as the defendant in place of Ditech, in effect, pursuant to CPLR 3215 for leave to enter a default judgment against U.S. Bank, and to direct the Clerk of Suffolk County to cancel and discharge of record the subject mortgage.
In an order and judgment dated February 17, 2021, the Supreme Court, inter alia, denied those branches of U.S. Bank's motion which were pursuant to CPLR 1012 and/or 1013 for leave to intervene in the action and for leave to file an answer, granted the plaintiffs' cross-motion in its entirety, and directed the Clerk of Suffolk County to cancel and discharge of record the mortgage. Thereafter, U.S. Bank moved, among other things, for leave to renew its prior motion and its opposition to the plaintiffs' cross-motion. In an order dated April 22, 2021, the Supreme Court, inter alia, denied that branch of U.S. Bank's motion. U.S. Bank appeals from the order and judgment and the order dated April 22, 2021.
Initially, contrary to U.S. Bank's contention, the Supreme Court did not grant that branch of U.S. Bank's motion which was for leave to intervene in the action (see 1077 Madison St. v Dickerson, 197 AD3d 446, 446). The court denied that branch of the motion, which we find was improper.
"Upon a timely motion, a person is permitted to intervene as of right in an action involving the disposition of property where that person may be adversely affected by the judgment" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 676; see CPLR 1012[a][3]). Additionally, "a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact" (Wells Fargo Bank, N.A. v McLean, 70 AD3d at 676-677; see CPLR 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d at 677; see Windward Bora, LLC v PNC Bank, N.A., 208 AD3d 615, 616).
Here, in support of its motion, U.S. Bank submitted evidence demonstrating, among other things, that it took possession of the note in June 2018, prior to the commencement of this action, and that it was the current assignee of the mortgage. Under the circumstances, U.S. Bank's submissions were sufficient to demonstrate that it had a real and substantial interest in the outcome [*3]of this action (cf. Midland Mtge. Co. v Imtiaz, 110 AD3d 773, 775-776). Moreover, since U.S. Bank's motion, inter alia, for leave to intervene was made before a judgment was issued, the plaintiffs were not prejudiced by the timing of the motion (see Bank of Am., NA v Nocella, 194 AD3d 900, 901-902; cf. Federal Natl. Mtge. Assn. v Thomas, 209 AD3d 841, 843). Further, since intervention was warranted and U.S. Bank, which was not served with the summons and complaint, did not default in the action, the Supreme Court erred in determining that U.S. Bank was in default.
Accordingly, the Supreme Court should have granted those branches of U.S. Bank's motion which were for leave to intervene in the action and for leave to file an answer, and denied those branches of the plaintiffs' cross-motion which were, in effect, for leave to enter a default judgment against U.S. Bank and to direct the Clerk of Suffolk County to cancel and discharge of record the subject mortgage (see Bank of Am., NA v Nocella, 194 AD3d at 902; ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court