U.S. Bank N.A. v Medina (2024 NY Slip Op 04588)

U.S. Bank N.A. v Medina

2024 NY Slip Op 04588

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-05255
 (Index No. 606751/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Veronica Medina, et al., defendants; 2930B111, LLC, nonparty-appellant.

Christopher Thompson, West Islip, NY (McKinley Law, P.C. [Shannon Cody McKinley], of counsel), for nonparty-appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Manik J. Saini and Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 2930B111, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (David P. Sullivan, J.), entered April 28, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court (Thomas A. Adams, J.) entered May 14, 2019, inter alia, granting those branches of the motion of U.S. Bank National Association, as the plaintiff's assignee, which were for summary judgment on the complaint insofar as asserted against the defendant Veronica Medina, for an order of reference, and to amend the caption to substitute U.S. Bank National Association as the plaintiff, and denying the cross-motion of nonparty 2930B111, LLC, for leave to intervene in the action and, thereupon, for leave to serve an answer, and upon an order of the same court (David P. Sullivan, J.) dated April 14, 2022, inter alia, granting those branches of the motion of U.S. Bank National Association which were to confirm the referee's report and for a judgment of foreclosure and sale, and denying the cross-motion of nonparty 2930B111, LLC, for leave to renew its prior cross-motion for leave to intervene in the action and, thereupon, for leave to serve an answer, granted those branches of the motion of U.S. Bank National Association which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the motion of U.S. Bank National Association, as the plaintiff's assignee, which were for summary judgment on the complaint insofar as asserted against the defendant Veronica Medina, for an order of reference, and to amend the caption to substitute U.S. Bank National Association as the plaintiff are denied, the cross-motion of nonparty 2930B111, LLC, for leave to intervene in the action and, thereupon, for leave to serve an answer is granted, those branches of the motion U.S. Bank National Association which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the order entered May 14, 2019, and the order dated April 14, 2022, are modified accordingly.
On July 12, 2017, Nationstar Mortgage, LLC (hereinafter Nationstar), commenced [*2]this action against the defendant Veronica Medina (hereinafter the borrower), among others, to foreclose a consolidated mortgage on a condominium unit located in Bellmore (hereinafter the premises). On July 24, 2017, in an action commenced by the Board of Managers of Bedford Square Condominium (hereinafter the condominium board) against the borrower, among others, to foreclose a lien on the premises (hereinafter the condominium board action), a judgment of foreclosure and sale was entered in favor of the condominium board. Thereafter, in this action, the borrower served an answer in which she asserted various affirmative defenses, including lack of standing, failure to comply with RPAPL 1304 and 1306, and failure to comply with the notice of default requirements in the mortgage agreement.
By referee's deed dated October 3, 2017, the referee in the condominium board action conveyed the premises to the condominium board, subject to the consolidated mortgage. By deed dated October 19, 2017, the condominium board conveyed the premises to IPA Asset Management, LLC (hereinafter IPA).
On May 1, 2018, Nationstar moved, inter alia, for summary judgment on the complaint insofar as asserted against the borrower, to strike her answer, and for an order of reference. By deed dated May 21, 2018, IPA conveyed the premises to 2930B111, LLC (hereinafter the LLC). On May 23, 2018, the LLC cross-moved for leave to intervene in the action and, thereupon, for leave to serve an answer. The motion and the cross-motion were later marked withdrawn. By assignment dated September 6, 2018, Nationstar assigned the consolidated mortgage to U.S. Bank National Association (hereinafter U.S. Bank).
On February 19, 2019, U.S. Bank, as Nationstar's assignee, moved, among other things, for summary judgment on the complaint insofar as asserted against the borrower, to strike the borrower's answer, for an order of reference, and to amend the caption to substitute U.S. Bank as the plaintiff. In support of its motion, U.S. Bank submitted, inter alia, an affidavit from Michael Bennett, an assistant vice president of Rushmore Loan Management Services, LLC (hereinafter Rushmore), U.S. Bank's servicer and attorney-in-fact. The borrower did not oppose the motion. In April 2019, the LLC again cross-moved for leave to intervene in the action and, thereupon, for leave to serve an answer. In support of its cross-motion, the LLC submitted, among other things, an affidavit from David DeRosa, its "Manager," and a proposed answer. In an order entered May 14, 2019, the Supreme Court granted U.S. Bank's motion, denied the LLC's cross-motion, and referred the matter to a referee to compute the amount due on the note.
In November 2019, U.S. Bank moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The LLC cross-moved for leave to renew its prior cross-motion for leave to intervene in the action and, thereupon, for leave to serve an answer. In an order dated April 14, 2022, the Supreme Court, among other things, granted those branches of U.S. Bank's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and denied the LLC's cross-motion. In an order and judgment of foreclosure and sale entered April 28, 2022, the court, inter alia, granted those branches of U.S. Bank's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the premises. The LLC appeals.
Upon a timely motion, a person is permitted to intervene as of right when the representation of that person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment, or when the action involves the disposition of property and that person may be affected adversely by the judgment (see CPLR 1012[a][2], [3]). In addition, a court, in its discretion, may permit a person to intervene, inter alia, when the person's claim or defense and the main action have a common question of law or fact (see id. § 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance since a timely motion for leave to intervene should be granted, in either event, where the intervenor has a real and substantial interest in the outcome of the proceedings" (Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677; see Dekalb Assets 2015, LLC v Roman, 219 AD3d 800, 801; Windward Bora, LLC v PNC Bank, N.A., 208 AD3d 615, 616). "In exercising its [*3]discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (CPLR 1013; see Wells Fargo Bank, N.A. v McLean, 70 AD3d at 677).
Here, the LLC established that the representation of its interest by the parties would be inadequate, that the action involved the disposition of title to real property, and that it would be bound and adversely affected by a judgment of foreclosure and sale (see CPLR 1012[a][2], [3]; 6501; Matter of Wasserman v Farkas, 219 AD3d 1528, 1529; Bank of Am., NA v Nocella, 194 AD3d 900, 901; Consumer Solutions, LLC v Charles, 187 AD3d 1134, 1135; US Bank N.A. v Carrington, 179 AD3d 743, 743; Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1394, 1396; ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774). Contrary to U.S. Bank's contention, the fact that the LLC obtained its interest in the premises after the action was commenced and the notice of pendency was filed does not definitively bar intervention (see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 785; Bank of Am., NA v Nocella, 194 AD3d at 902; US Bank N.A. v Carrington, 179 AD3d at 743-744).
Contrary to U.S. Bank's further contention, the LLC's cross-motion, inter alia, for leave to intervene was timely. "'[I]ntervention may occur at any time, provided that it does not unduly delay the action or prejudice existing parties'" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785, quoting Halstead v Dolphy, 70 AD3d 639, 640). In considering whether a motion for leave to intervene is timely, "'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (id., quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201; see 1077 Madison St. v Dickerson, 197 AD3d 446, 447).
Here, the LLC cross-moved, among other things, for leave to intervene on May 23, 2018, two days after obtaining title to the premises. However, when Nationstar withdrew its motion, inter alia, for summary judgment, the LLC's cross-motion was withdrawn as well, although apparently not by the LLC. Thereafter, when U.S. Bank, as Nationstar's assignee, moved, among other things, for summary judgment, the LLC again cross-moved, inter alia, for leave to intervene. Under these circumstances, since the LLC's cross-motion was made before an order of reference or judgment of foreclosure and sale was issued, U.S. Bank was not prejudiced by the timing of the cross-motion (see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785; Bank of Am., NA v Nocella, 194 AD3d at 902; US Bank N.A. v Carrington, 179 AD3d at 743; ABM Resources Corp. v Doraben, Inc., 89 AD3d at 774).
U.S. Bank contends that the LLC's cross-motion was untimely because the LLC, whose single member was DeRosa, acquired title to the premises from IPA, a related company of which DeRosa was also the single member, for no consideration, and IPA obtained title to the premises from the condominium board on October 19, 2017. Thus, U.S. Banks argues, there was actually a delay in seeking intervention of nearly 18 months, from October 19, 2017, to April 1, 2019, when the LLC again cross-moved, among other things, for leave to intervene. However, U.S. Bank's contention in this regard is not properly before this Court, as it was raised for the first time on appeal and does not "present a pure question of law appearing on the face of the record which could not have been avoided by factual showings or legal countersteps if raised at the proper juncture" (Wells Fargo Bank v Islam, 174 AD3d 670, 672).
Accordingly, the Supreme Court should have granted the LLC's cross-motion for leave to intervene in the action and, thereupon, for leave to serve an answer.
Moreover, the Supreme Court should have denied those branches of U.S. Bank's motion which were for summary judgment on the complaint insofar as asserted against the borrower, for an order of reference, and to amend the caption to substitute U.S. Bank as the plaintiff. A plaintiff moving for summary judgment in an action to foreclose a mortgage establishes its prima facie case by producing the note, the mortgage, and evidence of default (see U.S. Bank Trust, N.A. v Smith, 217 AD3d 899, 899; BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962). [*4]"Where the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief" (US Bank N.A. v Hunte, 176 AD3d 894, 896; see Central Mtge. Co. v Resheff, 200 AD3d 640, 643). A plaintiff has standing to commence a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Bank of N.Y. Mellon v Giammona, 219 AD3d 436, 438).
Here, U.S. Bank established, prima facie, Nationstar's standing to commence the action by demonstrating that a copy of the consolidated note, endorsed in blank by Citibank, N.A., the original lender, was annexed to the complaint (see JPMorgan Chase Bank, N.A. v Deblinger, 201 AD3d 900, 901; Ditech Fin., LLC v Naidu, 198 AD3d 611, 613). In opposition, the LLC failed to raise a triable issue of fact as to the issue of standing.
However, U.S. Bank failed to provide evidence in admissible form of the borrower's default in payment of the note (see U.S. Bank Trust, N.A. v Smith, 217 AD3d at 900; Bank of N.Y. Mellon v Deloney, 197 AD3d 548, 550). In his affidavit submitted in support of U.S. Bank's motion, Bennett averred that he was personally familiar with Rushmore's record-keeping practices and that, based on his review of Rushmore's business records, the borrower "defaulted under the terms of the loan documents by failing to make the monthly installment due on January 1, 2015 and has remained in default to the present date." However, Bennett's assertion regarding the borrower's alleged default constituted inadmissible hearsay, as he failed to annex to his affidavit the business records on which he relied (see U.S. Bank N.A. v Chrismas-Beck, 219 AD3d 534, 536; Bank of N.Y. Mellon v Giammona, 219 AD3d at 439; U.S. Bank Trust, N.A. v Smith, 217 AD3d at 900; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516-1517).
U.S. Bank also failed to establish that the caption should be amended to substitute U.S. Bank as the plaintiff. Leave to amend a caption to substitute an assignee for the plaintiff may properly be granted upon evidence that the mortgage and underlying debt were assigned to the assignee (see CPLR 1018; Nationstar Mtge., LLC v Grunwald, 203 AD3d 1170, 1173; Citimortgage, Inc. v Bredehorn, 160 AD3d 803, 804; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001). Here, Bennett stated in his affidavit that after the commencement of the action, "the original Note endorsed in blank was transferred and delivered to Plaintiff's assignee, [U.S. Bank], and they have maintained possession of the Note since that time." However, since Bennett failed to annex to his affidavit the business records on which he relied for that statement, his statement was inadmissible hearsay (see Citimortgage, Inc. v Bredehorn, 160 AD3d at 804). Therefore, U.S. Bank failed to establish that it is now the real party in interest (cf. Aurora Loan Servs., LLC v Mandel, 148 AD3d 965, 967).
As U.S. Bank correctly contends, however, the LLC lacked standing to raise, as defenses to the action, compliance with RPAPL 1304 and 1306 and with the notice of default requirements in the mortgage agreement. Noncompliance with RPAPL 1304 and with the notice of default provisions in a mortgage agreement are personal defenses that may not be raised by parties who are strangers to the subject note and mortgage (see Wells Fargo Bank, N.A. v Stephen, 205 AD3d 1066; Deutsche Bank Natl. Trust Co. v Gendelman, 195 AD3d 792, 793; HSBC Bank USA, N.A. v Tigani, 185 AD3d 796, 799; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024; Citimortgage, Inc. v Etienne, 172 AD3d 808, 809-810). Although the LLC, as the owner of the premises, is a proper party to this mortgage foreclosure action, failure to comply with RPAPL 1304 is a personal defense that cannot be asserted by the LLC, a stranger to the consolidated note and mortgage (see Deutsche Bank Natl. Trust Co. v Gendelman, 195 AD3d at 793; HSBC Bank USA, N.A. v Tigani, 185 AD3d at 799; Bank of N.Y. Mellon Trust Co., N.A. v Obadia, 176 AD3d at 1024). Since RPAPL 1306 requires a filing alleging compliance with RPAPL 1304, the LLC lacks standing to raise a defense based on failure to comply with RPAPL 1306. Moreover, as a stranger to the mortgage, the LLC lacks standing to raise, as a defense to this action, failure to serve a notice of default in accordance with the terms of the mortgage agreement (see Deutsche Bank Natl. Trust Co. v Gendelman, 195 AD3d at 793; Bank of N.Y. Mellon Trust Co., N.A. v Obadia, 176 AD3d at 1024).
The LLC's remaining contentions need not be reached in light of our determination.
Accordingly, we reverse the order and judgment of foreclosure and sale insofar as appealed from, deny those branches of U.S. Bank's motion which were for summary judgment on the complaint insofar as asserted against the borrower, for an order of reference, and to amend the caption to substitute U.S. Bank as the plaintiff, grant the LLC's cross-motion for leave to intervene in the action and, thereupon, for leave to serve an answer, and deny those branches of U.S. Bank's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court