DLV Quogue, LLC v Town of Southampton (2025 NY Slip Op 50905(U))

[*1]

DLV Quogue, LLC v Town of Southampton

2025 NY Slip Op 50905(U)

Decided on June 2, 2025

Supreme Court, Suffolk County

St. George, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 2, 2025
Supreme Court, Suffolk County

DLV Quogue, LLC; and THE HILLS HOMEOWNERS ASSOCIATION, INC., Petitioners-Plaintiffs,

against
The Town of Southampton, Respondent-Defendant.

Index No. 608808/2025

Steven Barshov, Esq.
SBarshovLaw PLLC
20 Lagoon Lane
Haverstraw, NY 10927
For the Petitioners-Plaintiffs
John M. Flannery, Esq.
John A. Vitigliano, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
For Proposed Intervenor-Respondent-Defendant

Carmen Victoria St. George, J.

The following electronically filed papers were read upon these motions:
Notice of Motion/Order to Show Cause 1-43; 44-54
Answering Papers 56-61; 65-67
Reply 68-74; 76-80, 83-85
Background
This action arises from an earlier and ongoing action identified by Suffolk County Supreme Court Index No. 606443/2018, entitled "DLV Quogue, LLC, et al. v. The Town of Southampton, the Town Board of the Town of Southampton." Both this matter and the 2018 action are assigned to this Court. The petitioners-plaintiffs in this action and the plaintiffs in the 2018 action are essentially the same/united in interest, which interest is to complete the construction of a residential development and golf course that surround the northern unimproved portion of Spinney Road. Ultimately, the Town Planning Board approved the application to develop the lands in that manner, and so various work on the development began, including work along the unpaved portion of Spinney Road. It is the unpaved portion of Spinney Road that is now the subject of this hybrid action wherein petitioners-plaintiffs (hereinafter DLV-HHA) seek a declaratory judgment that the unpaved portion of Spinney Road is not a public road or highway by operation of law and a writ of prohibition to prevent Town officials, including the Town Highway Superintendent from taking actions in excess of their jurisdiction by attempting to stop work on Spinney Road and remove various items of installed infrastructure on the subject portion of Spinney Road. DLV-HHA owns the lands on both sides of the subject portion of Spinney Road.
An Order to Show Cause and Temporary Restraining Order brought by DLV-HHA in this action was issued by the Court (Panico, J.) on April 10, 2025, preserving the status quo and preventing any Town official from removing or destroying any infrastructure or other improvements, and from clearing, grading, paving or maintaining any part of the Spinney Road right of way within the development's project area.
The exhibits annexed to the amended complaint include an April 7, 2025 notice of violation/stop work order from the Town referencing DLV's alleged failure to obtain written consent of the Town Superintendent of Highways for alterations to Spinney Road being performed by DLV, and a "48 Hour Notice" issued by the Superintendent of Highways himself, Charles McArdle, on April 8, 2025, relating "to the alterations that have taken place on the Town owned unimproved portion of Spinney Road, which currently encroaches within the Town's right-of-way." The notice continues, stating that, "[t]hese modifications have been made without receiving written approval from the Superintendent of Highways," citing to Highway Law § 319: "the Town's right-of-way shall at all ties remain free and clear of obstructions."
Charles McArdle, in his capacity as Superintendent of Highways, has filed the instant motion to intervene now under consideration by this Court (Motion Sequence 002). Authorization for the Town Attorney to retain outside counsel to represent the interests of the "Town Highway Department in connection with the roadway dispute as it relates to Spinney Road" was granted by the Town Board (Resolution 2025-589), on April 22, 2025 (NYSCEF Doc. No. 48).
Intervention Sought
The Town Highway Department (the Highway department) seeks intervention as of right pursuant to CPLR § 1012 (a)(2) and (3), by permission pursuant to CPLR § 1013, and pursuant to CPLR § 7802 (d).
First, a motion seeking intervention must be timely. "Consideration of any motion to intervene begins with the question of whether the motion is timely. In examining the timeliness of the motion, courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 [*2]AD3d 197, 201 [1st Dept 2010]). There is no dispute that this motion is timely made because the action was commenced on April 3, 2025, and this motion is made only twenty-seven (27) days later, on April 30, 2025. Moreover, the named defendant has not yet interposed a responsive pleading, and there has not yet been a determination of DLV-HHA's application for a preliminary injunction, nor has DLV-HHA opposed the instant motion on the ground that it is untimely. Accordingly, there is no delay by the proposed intervenor that would, in turn, delay resolution of this action, or otherwise prejudice any named party.
A person may be permitted to intervene when its interests may not be adequately represented by the parties and it may be bound by the judgment, or when the action involves the disposition or distribution of, or the title or a claim for damages for injury to property and the person may be adversely affected by the judgment (CPLR §§ 1012 [a][2], [3]). In the Court's discretion, a person may be permitted to intervene in any action when, inter alia, the person's claim or defense and the main action have a common question of law or fact involved (CPLR § 1013). "[I]t has been held under liberal rules of construction that whether intervention is sought as a matter of right under CPLR 1012 (a), or as a matter of discretion under CPLR 1013 is of little practical significance. Thus, intervention should be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (internal citations omitted) (Perl v. Aspromonte Realty Corp., 143 AD2d 824, 825 [2d Dept 1988]; see also Maggi v. U.S. Bank Trust, N.A., 221 AD3d 678 [2d Dept 2023]; Wells Fargo Bank, National Association v. McLean, 70 AD3d 676 [2d Dept 2010]; Berkoski v. Board of Trustees of Incorporated Village of Southampton, 67 AD3d 840 [2d Dept 2009]).
Inasmuch as this is a hybrid action wherein DLV-HHA seeks a writ of prohibition, CPLR § 7802 (d) applies here as well. "CPLR 7802 (d) is the specific provision governing intervention in CPLR article 78 proceedings. CPLR 7802 (d) states that a court 'may allow other interested persons to intervene.' This subdivision grants the court broader power to allow intervention in an article 78 proceeding than is provided pursuant to either CPLR 1012 or 1013 in an action" (Elinor Homes Co. v. St. Lawrence, 113 AD2d 25, 28 [2d Dept 1985]; see also Matter of Bernstein v. Feiner, 43 AD3d 1161, 1162 [2d Dept 2007]). 
The Court's discretion in permitting intervention in the context of CPLR §§ 1013 and 7802 (d) requires the balance of the benefit to be gained by intervention, the extent to which the proposed intervenor may be harmed if intervention is refused, against other factors, including the degree to which the action will be delayed or complicated by intervention. "These latter considerations, which are grounded in general concepts of judicial efficiency and fairness to the original litigants, are more likely to be outweighed, and intervention therefore warranted, when the intervenor has a direct and substantial interest in the outcome of the proceeding. When that interest is less substantial or more indirect, other elements take on greater importance" (Pier v. Board of Assessment Review, 209 AD2d 788, 789 [3d Dept 1994]).
Keeping these general principles in mind, the Court is also mindful of various provisions of the Southampton Town Code and of the New York Highway Law conferring independent powers and duties upon the Superintendent of Highways and the Highway department. New York Highway Law (NYHL) §2(3) provides that, "[t]he term 'town superintendent,' when so used, shall mean the town superintendent of highways." NYHL § 140 outlines the powers and duties of the "town superintendent," which is the town superintendent of highways. These powers and duties include but are not limited to maintaining and repairing the town highways, and "[b]ring[ing] an action in the name of the town, against any person or corporation, to sustain [*3]the rights of the public, in and to any town highway in the town, and to enforce the performance of any duty enjoined upon any person or corporation in relation thereto, and to recover any damages sustained or suffered, or expenses incurred by such town, in consequence of any act or omission of any such person or corporation, in violation of any law or contract in relation to such highway" (NYHL § 140 [13]).
NYHL § 205 (1) provides in pertinent part that a highway may be deemed abandoned if it has not been traveled or used as a highway for six years, and every public right of way that has not been used for six years hall be deemed abandoned as a right of way, provided that, "[t]he town superintendent with the written consent of a majority of the town board shall file, and cause to be recorded in the town clerk's office of the town a written description, signed by him, and by said town board of each highway and public right-of-way so abandoned, and the same shall thereupon be discontinued."
NYHL § 319 permits a town superintendent of highways to give 48 hours of notice to a owner of lands causing an obstruction along a highway to remove said obstructions, and if not removed, the statute provides that the superintendent "shall remove such obstruction."
The Town of Southampton Code (the Code) provides that, "[i]t is the intention of the Planning Board that the Town Engineer consult with and work in close cooperation with the Superintendent of Highways in making reports and recommendations pursuant to these regulations. It is anticipated that, as a result thereof, the Town Engineer and the Superintendent of Highways will generally be in agreement concerning matters to be determined pursuant to these regulations. Thus, these regulations frequently refer to 'Town Engineer and/or Superintendent of Highways.' In the event that the Town Engineer and Superintendent of Highways are unable to reach agreement on a particular matter, the term 'Town Engineer and/or Superintendent of Highways' shall be interpreted as giving preference to the determination or recommendation of the Superintendent of Highways" (Code, 292-3).
The Code further provides that, "[n]o person, firm or corporation shall change or alter the grade of any Town highway or of any sidewalk upon or in a Town highway of the Town of Southampton, or in any manner alter or change the line or height of any curb in any Town highway in said Town, or open the surface of any Town highway of the Town of Southampton, or make any excavation under the surface thereof for any purpose, or place or erect any pole for any purpose in or upon any Town highway of said Town, or alter or change the location of any existing pole in any Town highway of said Town without first having obtained the written consent of the Town Superintendent of Highways" (Code, 287-13).
Furthermore, "[n]o person shall disturb, break, mar, injure, remove or deface, or cause to be disturbed, broken, marred, injured, removed or defaced, the surface or any part of any highway, street, road, sidewalk, sidepath, passway or other public way of the Town of Southampton or maintained by it, in any manner whatsoever except with the written consent of the Superintendent of Highways of said Town. The Town Superintendent of Highways shall not give his written consent that any such act be performed unless there shall have been furnished by the applicant a sufficient indemnity or performance bond as a condition precedent thereto, and said bond shall be for a reasonable amount which shall be determined by the Town Superintendent of Highways, whose approval thereof as to amount, form, manner of execution and sufficiency of surety or sureties shall be endorsed thereon before said bond shall be filed in the Town Clerk's office, and said bond shall be so filed before said consent shall be effective" (Code, 287-15).
These powers and duties exist independently of a Town Planning Board or other such entity. As noted, for example, the Highway department's written consent is required for abandonment; the Highway department/superintendent of highways must approve any opening/alteration of a roadway; the superintendent of highways must remove obstructions from town roadways, and the superintendent of highways may bring an action in the name of the town to enforce the performance of any duty enjoined upon any person or corporation in relation to any town highway; therefore, the issue of abandonment, or not, of the subject portion of Spinney Road directly affects the duties and powers of the Highway department/superintendent of highways, and intervention by the superintendent of highways/the Highway department in this matter appears warranted. 
Based upon the background and history of this development project as reflected in the 2018 action over which this Court presides, in addition to the submitted record in this action, it does not appear that the Highway department/superintendent of highways may be adequately represented by the Town that has signaled its approval of the project and thus far, possibly the abandonment of the subject portion of Spinney Road. The Highway department, the current superintendent of highways, and any future superintendent would be bound by any judgment as to the subject portion of Spinney Road. It is evident that Mr. McArdle/the Highway department has no intention of consenting to the abandonment of the subject portion of Spinney Road based upon Mr. McArdle's affirmation (NYSCEF Doc. No. 53), (CPLR § 1012 [a][2]), and so the Highway department's and the Town's interests are divergent on this issue, requiring intervention as of right.
For example, the Town has approved independent representation for the superintendent, who is an elected Town official. Moreover, DLV-HHA's own counsel set forth in an April 22, 2025 letter to the Town Supervisor a conversation that counsel had with the Town Supervisor concerning the possibility of entering into "a mutually agreeable stipulation that would enable [this Court] to determine whether the right of way has been abandoned from non-use and concurrently allow us to complete our project as planned on Memorial Day 2025" (NYSCEF Doc. No. 47). Further justifying intervention is the fact that the Highway department may be adversely affected by any judgment in that it would forever lose the rights and duties to maintain that subject portion of Spinney Road (NYHL § 140; CPLR § 1012 [a][3]). 
Insofar as permissive intervention, the submitted papers make clear that, if intervention is denied, the superintendent of highways intends to commence an action pursuant to NYHL § 140 (13) seeking a declaratory judgment deeming that the subject portion of Spinney Road has not been abandoned by operation of law, and subsequently move for consolidation with this action. In his affirmation, Mr. McArdle further states that if intervention is granted, he will counterclaim against DLV-HHA for the same relief. Since DLV-HHA seek a declaratory judgment that the unimproved portion of Spinney Road be deemed abandoned by operation of law, the Highway department's claim or defense and the main action have a common question of law and fact, warranting intervention pursuant to CPLR § 1013. 
Finally, based upon the moving papers, the Order to Show Cause and its supporting documents, it is specifically the Highway department/superintendent of highways that DLV-HHA seek to prohibit from destroying infrastructure or other improvements, clearing, grading, paving, or maintaining the subject portion of Spinney Road pursuant to CPLR § 7802 (d); consequently, the Highway department/its superintendent are "interested persons" with a "real and substantial interest in the outcome of the proceedings" (Bernstein, supra at 1162, quoting [*4]County of Westchester v. Department of Health, 229 AD2d 460, 461 [2d Dept 1996]), because any writ of prohibition, and judgment as well, would directly affect the duties and responsibilities of the Town's superintendent of highways. 
The opposition papers do not offer any argument or evidence sufficient to defeat the motion to intervene. At this very early stage of the proceedings, the Court is not determining the ultimate relief (abandonment of the subject portion of Spinney Road, writ of prohibition, preliminary injunction), but only whether the Highway department/superintendent of highways is permitted to intervene in this action.
The Court notes, however, that DLV-HHA's claim that there is no factual dispute that the subject portion of Spinney Road has been abandoned by operation of law is not as "crystal clear" as they maintain, thereby constituting one of the common questions of fact that must necessarily be explored in this action, after the intervenor becomes a party to this action. The issue as to whether a roadway has been abandoned often requires the discovery process to take place to determine whether there are triable issues of fact (see Dandomar Co., LLC v. Town of Pleasant Valley Town Board, 142 AD3d 681 [2d Dept 2016]; Smigel v. Town of Rensselaerville, 283 AD2d 863 [3d Dept 2001]). The Court notes that the movant has submitted a handwritten dedication of Spinney Road to the Town dated July 27, 1932. Moreover, DLV's own draft environmental impact statement from September 2016 (annexed to the first amended complaint as Exhibit L, NYSCEF Doc. No. 29), for example, states, "Spinney Road Abandonment In conjunction with the project, it is proposed that the portion of the Spinney Road right-of-way (ROW)within the development area (i.e., that portion of the ROW from the point where the road enters the site northward to the southern limit of "Parcel M", on the Survey for the Hills Property) will be abandoned, so that this acreage will be developed with the project. Access to the three roughly triangular-shaped outparcels located along this ROW will be maintained as a result of the project's site design in this area. This action will be undertaken under the jurisdiction of the appropriate Town entity, and will be subject to its approval." This exhibit, standing alone, underscores one of the factual issues that must be explored herein, and it undermines DLV-HHA's present claim that the Highway department/McArdle should not be permitted to intervene.
The Court further notes that, in the Town's papers opposing Motion Sequence 001 (for preliminary injunction), that the Town endorses intervention by the superintendent of highways, as stated in paragraph 3 (NYSCEF Doc. No. 56) as follows: "As a threshold matter, the Town's Superintendent of Highways has retained independent counsel and sought to intervene in this action. They should be permitted to do so and heard directly on these issues, as the relief sought by DLV relates specifically to powers conferred upon the Superintendent of Highways by State Law (See Hwy Law §§ 140 and 205)."
Motion Sequence 002 seeking intervention is granted, and the Highway Department and Charles McArdle, in his capacity as superintendent of highways for the Town of Southampton are hereby permitted to intervene in this action.[FN1]
As a result, the caption of this action is amended accordingly as follows:
DLV QUOGUE, LLC; and THE HILLS HOMEOWNERS ASSOCIATION, INC.,
Petitioners-Plaintiffs,                                                                                Index No. 608808/2025
against
The TOWN OF SOUTHAMPTON, THE TOWN OF SOUTHAMPTON HIGHWAY DEPARTMENT, CHARLES MCARDLE, As SUPERINTENDENT OF HIGHWAYS for THE TOWN OF SOUTHAMPTON,
Respondents-Defendants.
The Highway Department/Mr. McArdle shall serve a responsive pleading in accordance with the foregoing within forty-five (45) days of this Decision and Order being uploaded to NYSCEF, and any opposition to Motion Sequence 001. Motion Sequence 001 is hereby adjourned to July 14, 2025.
The foregoing constitutes the Decision and Order of this Court.
Dated: June 2, 2025
Riverhead, NY
CARMEN VICTORIA ST. GEORGE, J.S.C.

Footnotes

Footnote 1:The Highway department/Mr. McArdle provided a proposed intervention pleading in compliance with CPLR § 1014. As subsequently determined herein, the Town highway department is also a respondent-defendant.